IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT TURNER,

    Plaintiff,

vs.                                                     CIV. No. 98-1367 BB/RLP

CITY OF PORTALES d/b/a PORTALES POLICE
DEPARTMENT; and MICHAEL RUNNING, JUAN
PACHECO, SERGEANT CAGE, CAPTAIN LONNIE
BERRY, and JOHN DOES, individually and in their
capacities as Officers in the Portales Police Department,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a motion for summary judgment filed by Defendants (Doc. 25). The Court has reviewed the parties' submissions and the relevant law. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence

presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendants' motion in light of these standards.

This case is a wrongful-arrest-and-detention case, raising civil rights issues as well as issues under the New Mexico Tort Claims Act. Plaintiff was arrested and charged with obstruction of a peace officer engaged in the lawful performance of his duties. Plaintiff was originally convicted of this offense in municipal court. Following a *de novo* appeal before the state district judge, however, Plaintiff's conviction was reversed and the charge filed against him was dismissed. The district court specifically held only that Plaintiff had been charged under the wrong subsection of the obstruction statute, NMSA 1978, Section 30-22-1; the court found Plaintiff had been charged under Section 30-22-1(A), while the court "believe[d]" a "more applicable" charge would have been under subsection (D). Subsequently, Plaintiff filed this civil-rights lawsuit.

Defendants maintain they are entitled to summary judgment on Plaintiff's Section 1983 claims as a result of the application of collateral estoppel, or issue preclusion. They rely on a letter decision issued by the state district judge who reversed Plaintiff's criminal conviction. In his letter decision, the judge made a number of statements concerning the evidence and the issues raised in the case. For example, as noted above, the court found a more appropriate charge in the case would have been under Section 30-22-1(D), because subsection (A) applies only when an officer is serving process or a court order. Defendants attempt to turn these statements of the

judge into binding factual findings, conclusive on issues such as the validity of Plaintiff's arrest, the officers' good faith in acting as they did, and the propriety of the officers' entry into the fraternity house prior to Plaintiff's arrest. Plaintiff, in turn, maintains several of the judge's statements constitute binding findings of fact in his favor, including the judge's comment that the officers focused on Plaintiff because he was questioning their right to be inside the fraternity house, and his finding that Plaintiff's speech and actions were not obstructing to the degree that the officers could not sweep the interior of the house.

The Court declines to afford preclusive effect to any of the findings or statements made in the state district judge's decision letter.[1] The doctrine of issue preclusion, or collateral estoppel, applies only to factual issues *necessarily determined* in the prior judicial proceedings. *See In re Consolidated Vista Hills Retaining Wall Litigation*, 893 P.2d 438, 443-44 (N.M. 1995) (for collateral estoppel to apply, an issue must have been actually and necessarily determined in a prior action). The only issue necessarily determined by the state district court was that Plaintiff had been charged with the wrong offense, because the officers were not attempting to serve process or a court order when they encountered Plaintiff. All the other findings, or statements of fact, made in the decision letter were unnecessary to the court's ultimate decision. For example, the issue of whether the officers properly entered the fraternity house was irrelevant to whether they were attempting to serve process at the time. Similarly, the question of whether Plaintiff actually obstructed the officers in their duties was irrelevant to the question of whether subsection (A) of the statute was the appropriate charge in this case. Therefore, it is inappropriate to preclude the

---

[1] This decision should not be used to relieve any party of any factual stipulations made in the pretrial report.

parties from litigating the factual issues present in this case, even though they were also litigated in the prior criminal proceedings. *See Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127, fn.2 (10th Cir. 1999) (even though § 1983 plaintiff litigated, during prior criminal trial, issue of officers' use of excessive force, determination as to whether officers used excessive force was unnecessary to plaintiff's conviction for resisting arrest; therefore, collateral estoppel did not bar plaintiff from again litigating the excessive-force issue, in his subsequent § 1983 action).[2]

The individual Defendants also argue they are entitled to qualified immunity as to the Section 1983 claims. Plaintiff, however, has adduced sufficient facts to raise a genuine issue concerning Defendants' entitlement to qualified immunity. Plaintiff has presented evidence showing he was calm during the encounter with the officers, he did not obstruct their passage into any part of the fraternity house, he verbally questioned their presence in the house but did not act in a threatening manner, he had authority to be in the house but was ordered to leave, and he was targeted for arrest because he was questioning the officers' right to be in the house. Accepting these facts as true, a reasonable police officer should have known Plaintiff had committed no offense warranting arrest, and that there was no probable cause to support Plaintiff's arrest. Summary judgment will therefore be denied on the qualified immunity issue. *See, e.g., Dill v. City*

---

[2]The Court also notes it is often unclear whether the district judge, in his decision letter, intended to make a finding of fact or merely an observation as to the evidence. For example, the court's statement that the proper charge would have been under Section 30-22-1(D) rather than (A) is not clearly a determination that Plaintiff would have been convicted under subsection (D), especially given the court's earlier statements indicating Plaintiff may not have obstructed the officers in their duties, and was targeted due to his verbal admonishments to the officers rather than any threatening behavior. The purported findings in the decision letter are much too contradictory and inconclusive to allow a clear and definite resolution of the question of just what factual determinations the district court intended to make. For that reason also, it is inappropriate to give the decision letter preclusive effect.

*of Edmond, Oklahoma*, 155 F.3d 1193, 1204 (10th Cir. 1998) (to avoid ruling for defendants on qualified-immunity issue, plaintiff must show defendants violated clearly established rights of which a reasonable person would have known).

Defendants maintain they are entitled to summary judgment on Plaintiff's state-law claims because they acted in good faith in arresting Plaintiff. Defendants claim there is no evidence they acted other than in a reasonable, good-faith manner. However, the evidence recited above, which is based on Plaintiff's deposition as well as the evidence recited in the state district judge's decision letter, establishes a factual question as to the reasonableness of the officers' actions, and as to their good faith. Summary judgment will be denied on this contention.

Defendants also maintain they are entitled to summary judgment and dismissal of most of the state-law claims because no waiver of immunity exists with respect to those claims.[3] As to the failure-to-train and failure-to-supervise claims, Defendants ignore plain law to the contrary, both from the New Mexico Court of Appeals and from the Tenth Circuit. *See Quezada v. County of Bernalillo*, 944 F.2d 710, 719 (10th Cir. 1991); *Ortiz v. New Mexico State Police*, 814 P.2d 117, 119-20 (N.M.App. 1991). Both *Quezada* and *Ortiz* held that, if negligent training or supervision causes one of the torts named in Section 41-4-12 to occur, immunity is waived for the negligent training or supervision. Defendants have cited no case indicating *Quezada* or *Ortiz* have been overruled, and both cases were easily located in the annotation following Section 41-4-12.

---

[3]Defendants have not argued for dismissal of the defamation claim on immunity grounds. This is appropriate because the New Mexico Tort Claims Act specifically waives immunity for acts of defamation committed by law enforcement officers acting within the scope of their duties. NMSA 1978, § 41-4-12.

Counsel for Defendants is admonished to perform her research more carefully in the future before consuming this Court's time with meritless arguments.

The same analysis applied in *Quezada* and *Ortiz* also requires rejection of Defendants' argument concerning the negligent hiring and retention claim. As with negligent training or supervision, if Plaintiff can establish there was a negligent hiring or retention, and this proximately caused the occurrence of one of the torts enumerated in Section 41-4-12 (such as, with particular respect to this case, an unlawful arrest or defamation), immunity should be waived under the Tort Claims Act as to that negligent hiring or retention. These claims will be allowed to proceed to trial.

The Court does agree with Defendants' arguments concerning the intentional-interference-with-contractual-relations claim. Section 41-4-12 does not waive immunity with respect to this tort, and this tort is not a type (as is, for example, negligent training) that can cause another tort to occur. This claim, therefore, will be dismissed. *See Methola v. County of Eddy*, 622 P.2d 234, 239 (N.M. 1980) (authority to sue under Tort Claims Act is limited by the language of the Act).

Defendants' final arguments concern the punitive-damages issue. Defendants correctly point out that municipalities are not liable for punitive damages in Section 1983 claims. *See Dill,* 155 F.3d at 1210. In addition, under the Tort Claims Act no award of punitive damages may be included in a judgment obtained under the Act. This prohibition applies both to suits brought against a governmental entity and to claims made against a public employee. NMSA 1978, § 41-4-19(B). The only question remaining, therefore, is whether punitive damages may be obtained against the individual Defendants, under Section 1983. Defendants cited no authority on this question; the only case cited by Defendants concerns a municipality's immunity from punitive-

damages claims, not an individual's liability for such damages. In *Dill*, the Tenth Circuit stated that the plaintiff could have recovered punitive damages, if at all, only against an individual defendant. 155 F.3d at 1210. This indicates Section 1983 does allow an award of punitive damages against an individual defendant, and the Court's review of applicable case law supports this position. *See Coleman v. Kaye*, 87 F.3d 1491, 1509 (3d Cir. 1996) (affirming award of punitive damages in § 1983 case); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) (stating that punitive damages are available in § 1983 actions); *see also Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir.1992) (discussing punitive damages award against individual defendants in § 1983 case). Defendants' request to eliminate the punitive damages issue from the case will be denied, therefore, as to the Section 1983 claims brought against the individual Defendants. The request will be granted as to the claims against the municipality and as to the state-law claims.

**Conclusion**

Based on the foregoing, the Court will deny Defendants' motion for summary judgment with respect to all substantive claims except the intentional-interference-with-contractual-relations claim. In addition, the Court will dismiss all claims for punitive damages against the municipality, as well as the claim for punitive damages to the extent it is based on Plaintiff's state-law claims. The punitive damages claim based on Plaintiff's Section 1983 claim against the individual Defendants will not be dismissed.

7

## ORDER

Defendants' motion for summary judgment (Doc. 25) is hereby DENIED in part and GRANTED in part.

DATED November 18, 1999.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Plaintiff**
Dennis W. Montoya
1905 Lomas Boulevard, N.W.
Albuquerque, New Mexico 87104

**For Defendant**
Monica R. Garcia
Butt Thornton & Baehr P.C.
P.O. Box 3170
Albuquerque, New Mexico 87190